U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

2018 MAY 24  PM 4: 19

CLERK

BY
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. |
| v. | ) |
| | ) 5:18-cr-61-1-2 |
| SAM BENT and | ) |
| ███████████, | ) |
| Defendants. | ) |

2018 MAY 30 AM 9: 52
U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

### Background

1. At all times relevant:

    a. cocaine was a schedule II controlled substance;

    b. 3,4-Methylenedioxymethamphetamine (also known as MDMA or "ecstasy") was a schedule I controlled substance;

    c. lysergic acid diethylamide (also known as LSD or "acid"), was a schedule I controlled substance; and

    d. marijuana was a schedule I controlled substance.

2. Bitcoin is a form of digital currency (that is, a currency with an electronic-sourced unit of value). Unlike fiat currencies, such as the

United States Dollar, Bitcoin does not exist in any physical form. Bitcoin exists solely as entries on a publicly available electronic ledger that records all Bitcoin transactions ever conducted. Unlike most fiat currency, Bitcoin is not issued or controlled by any government, bank, or company, but rather is generated and controlled automatically through computer software operating on a decentralized, "peer-to-peer" network. Bitcoin is a convertible currency meaning that it has an equivalent value in fiat or conventional currency, and users can exchange it for fiat currency. The exchange rate for Bitcoin is not determined by any government or centralized entity, but rather floats on the open market.

3. The term "dark web" is a term used to refer to the portion of the internet that can only be accessed through encrypted means.

4. A "dark web marketplace" is a marketplace on the dark web that individuals can use to buy and sell narcotics, among other illegal things.

5. Users of dark web marketplaces typically use Bitcoin or other digital currency as the means of payment for their transactions.

**Objective of the Conspiracy**

6. Beginning at an unknown time, but not later than August 2017, to in or around April 2018, in the District of Vermont and elsewhere the Defendants, SAM BENT and ███████████████, knowingly and willfully

conspired with others known and unknown to the Grand Jury to distribute cocaine, LSD, MDMA, and marijuana in violation of the Controlled Substances Act.

## Overt Acts

7. In furtherance of the conspiracy and to effect its illegal objectives, the following overt acts were committed in the District of Vermont and elsewhere:

   a. defendant SAM BENT set up vendor accounts to sell and purchase items, including controlled substances, on various dark web marketplaces;

   b. defendant SAM BENT established on-line identities, using on-line names so as to disguise his real identity;

   c. defendant SAM BENT set up Bitcoin wallets to receive Bitcoin in exchange for sales made on dark web marketplaces;

   d. defendant SAM BENT purchased controlled substances, including LSD, MDMA, marijuana, and cocaine over the Internet in order to repackage and resell these controlled substances;

   e. defendant ▆▆▆▆▆▆▆▆ acquired United States Postal Service shipping envelopes and boxes for use in distributing controlled substances through the mail;

f. defendants ▮▮▮▮▮ and SAM BENT acquired additional packaging material, such as gel capsules, plastic bags, and labels, for repackaging controlled substances for distribution;

g. defendant ▮▮▮▮▮ mailed parcels containing LSD, MDMA, marijuana, and cocaine from post offices in and around Northeastern Vermont and Northwestern New Hampshire;

h. defendants ▮▮▮▮▮ and SAM BENT utilized false return addresses on outbound parcels containing the controlled substance;

i. defendant ▮▮▮▮▮ distributed the mailing of these parcels across several different post offices in an effort to avoid detection;

j. defendant ▮▮▮▮▮ paid for postage in cash;

k. defendant SAM BENT exchanged the Bitcoin proceeds of these sales by selling Bitcoin over the Internet in exchange for United States Currency;

l. defendants ▮▮▮▮▮ and SAM BENT maintained a residence in Northeastern Vermont at which they stored controlled substances, shipping materials, and packaging materials in order to facilitate the distribution of controlled substances.

(21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C))

## COUNT TWO

On or about April 10, 2018 in the District of Vermont, Defendant SAM BENT knowingly and intentionally possessed with the intent to distribute lysergic acid diethylamide (also knows as LSD or "acid"), a schedule I controlled substance.

(21 U.S.C. §§ 841(a)(1), 841(b)(1)(C))

## COUNT THREE

On or about April 10, 2018 in the District of Vermont, Defendant SAM BENT knowingly and intentionally possessed with the intent to distribute 3,4-Methylenedioxymethamphetamine (also known as MDMA or "ecstasy"), a schedule I controlled substance.

(21 U.S.C. §§ 841(a)(1), 841(b)(1)(C))

## COUNT FOUR

On or about April 3, 2018 in the District of Vermont, Defendant SAM BENT knowingly and intentionally possessed with the intent to distribute lysergic acid diethylamide (also knows as LSD or "acid"), a schedule I controlled substance.

(21 U.S.C. §§ 841(a)(1), 841(b)(1)(C))

## COUNT FIVE

On or about April 3, 2018 in the District of Vermont, Defendant SAM BENT knowingly and intentionally possessed with the intent to distribute 3,4-Methylenedioxymethamphetamine (also known as MDMA or "ecstasy"), a schedule I controlled substance.

(21 U.S.C. §§ 841(a)(1), 841(b)(1)(C))

## COUNT SIX

On or about April 3, 2018 in the District of Vermont, Defendant SAM BENT knowingly and intentionally possessed with the intent to distribute cocaine, a schedule II controlled substance.

(21 U.S.C. §§ 841(a)(1), 841(b)(1)(C))

## COUNTS SEVEN, EIGHT, and NINE

Paragraphs 1 through 7 of Count 1 are incorporated by reference as if fully set forth herein.

Defendant, SAM BENT, on or about dates specified below, in the district of Vermont and elsewhere, did knowingly conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of specified unlawful activity — to wit: conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846 — knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity:

| COUNT | DATE | MONETARY TRANSACTION |
|---|---|---|
| SEVEN | September 28, 2017 | The transfer of Bitcoin then valued at more than $1,000 in exchange for the delivery through the United States mail of $1,000 in United States Currency. |
| EIGHT | October 10, 2017 | The transfer of Bitcoin then valued at more than $10,000 in exchange for the delivery, through the United States mail of $10,000 in United States Currency. |
| NINE | January 16, 2018 | The transfer of Bitcoin then valued at more than $3,000 in exchange for the delivery, through the United States mail, of $3,000 in United States Currency. |

(18 U.S.C. § 1956(a)(1)(B)(i))

## COUNT TEN

Paragraphs 1 through 7 of Count 1 are incorporated by reference as if fully set forth herein.

On or about October 10, 2017, in the District of Vermont and elsewhere, the Defendant SAM BENT, the defendant, did knowingly engage and attempt to engage in the following monetary transactions affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is the transfer and exchange of funds, such property having been derived from a specified unlawful activity, that is, conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846: the transfer of Bitcoin then valued in excess of $10,000 in exchange for the delivery, through the United States mail, of $10,000 in United States currency.

(18 U.S.C. § 1957)

## FORFEITURE NOTICE

### Narcotics Forfeiture

Pursuant to Rule 32.2, notice is hereby given to the Defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 21, United States Code, Section 853, in the event of the Defendants' convictions under Count One of this Indictment.

1. Pursuant to Title 21, United States Code, Section 853(a), upon conviction of an offense in violation of the Controlled Substances Act, as alleged in Count One, the Defendants Sam Bent and ▮▮▮▮▮, shall forfeit to the United States of America:

    a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation; and,

    b. any property used, or intended to be used, in any manner or part, to commit, or facilitate the commission of, such violation.

2. The property to be forfeited includes, but is not limited to, the following:

    a. All Bitcoin or other digital currency furnished or intended to be furnished in exchange for controlled substances constituting proceeds traceable to such exchanges, and used or intended to be used to facilitate a violation of the Controlled Substances Act,

  b.  At least $20,000, in that such sum in aggregate was furnished or intended to be furnished in exchange for controlled substances and constitutes proceeds traceable to such exchanges, and was used or intended to be used to facilitate a violation of the Controlled Substances Act;

## Money Laundering Forfeiture

3.  Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of the offenses alleged in Count(s) SEVEN THROUGH TEN, the Defendant Sam Bent shall forfeit to the United States of America, all property real or personal, involved in such offense, and all property traceable to such property, that he obtained.

4.  The property to be forfeited includes, but is not limited to, the following:

  a.  a sum of money equal to the value of any property involved in the money laundering offense for which the Defendant is convicted, which sum shall be at least $14,000:

  b.  all property constituting the subject matter of the money laundering offense for which the Defendant has been convicted; and,

  c.  all property used to commit or facilitate the commission of the money laundering offense for which each Defendant has been convicted, including:

## Substitute Assets

5. Pursuant to Title 21, United States Code, Section 853(p), if any of the property described above as being subject to forfeiture, as a result of any act or omission by the Defendant:

  a.  cannot be located upon the exercise of due diligence;

  b.  has been transferred or sold to, or deposited with, a third person;

  c.  has been placed beyond the jurisdiction of the Court;

  d.  has been substantially diminished in value; or

  e.  has been comingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the Defendant up to the value of the property charged with forfeiture in the paragraphs above, which amount is no less than $20,000.

A TRUE BILL

███████████
FOREPERSON

_____
CHRISTINA NOLAN (MPD)
United States Attorney
Burlington, Vermont
May 24, 2018